UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY COLE,<br><br>              Plaintiff,<br><br>       v.<br><br>KNIPP, Warden, et al.,<br><br>              Defendants. | No. 2:14-cv-1898-EFB P<br><br>ORDER DISMISSING COMPLAINT WITHOUT FURTHER LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] After a dismissal pursuant to 28 U.S.C. § 1915A, he has filed an amended complaint.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

1    A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
2 of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and
3 plain statement of the claim showing that the pleader is entitled to relief, in order to give the
4 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
5 *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
6 While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
7 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
8 U.S. 662, 679 (2009).

9    To avoid dismissal for failure to state a claim a complaint must contain more than "naked
10 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
11 action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of
12 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
13 678.

14    Furthermore, a claim upon which the court can grant relief must have facial plausibility.
15 *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual
16 content that allows the court to draw the reasonable inference that the defendant is liable for the
17 misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a
18 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
19 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
20 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

21    In response to the court's initial screening order, which warned plaintiff that the court is
22 not a repository for his evidence, he filed a 129-page document. Three of those pages are
23 handwritten and purport to be an "amended complaint." The remaining pages consist of
24 miscellaneous exhibits. On one of the handwritten pages, plaintiff includes a case caption
25 identifying "Mule Creek Warden Knipp, et, al." as defendants. On another page, he includes a
26 case caption identifying "Warden W. Muniz(A)" as the defendant. In the body of the complaint,
27 plaintiff complains about being improperly identified as a sex offender and an adverse transfer
28 that exacerbated a skin condition. The complaint does not include a request for relief.

The initial screening order instructed plaintiff to include in an amended complaint a caption with the names of all defendants, and to clearly set forth the claims and allegations against each defendant. It also informed plaintiff that he must allege two essential elements to state a claim under 42 U.S.C. § 1983: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The amended complaint fails to meet these basic pleading requirements and hardly provides any defendant with fair notice of the claim or claims against them. Although the complaint identifies both Knipp and Muniz as defendants, there are no allegations against either defendant, and certainly none establishing either defendant's personal involvement in any constitutional deprivation. And despite the court's admonishment, the amended complaint consists almost entirely of exhibits, which cannot be substituted in place of a properly pleaded complaint. The court also cautioned plaintiff that he may not join unrelated claims against different defendants in a single complaint. Nevertheless, plaintiff's complaint complains about two events that have no apparent relation to each other, his classification as a sex offender and an adverse transfer that exacerbated a skin condition.

Despite notice of the complaint's deficiencies and an opportunity to amend, plaintiff is unable to comply with Rule 8 or state a proper claim for relief. Therefore, this action is dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

/////
/////
/////
/////
/////

1   Accordingly, IT IS HEREBY ORDERED that the amended complaint (ECF No. 42) is
2   dismissed for failure to comply with Rule 8 and for failure to state a claim upon which relief may
3   be granted, and the Clerk is directed to close the case.
4   Dated:  April 27, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE